**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Danny PARTLOW, Defendant–Appellee.**

No. 97–50617.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 1998.

Decided Nov. 18, 1998.

John N. Parmley and Michael J. Dowd, Assistant United States Attorneys, San Diego, California, for the plaintiff-appellant.

Katherine Kimball, Federal Public Defenders of San Diego, San Diego, California, for the defendant-appellee.

Before: FLETCHER, THOMPSON, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

■ The United States timely appeals the sentence imposed after Appellee, Danny Partlow, pled guilty to transportation of ille-

gal aliens in violation of 8 U.S.C. § 1324(a)(2)(B)(iii), arguing that the district court erred in its application of the Sentencing Guidelines. We review the district court's interpretation of the Sentencing Guidelines de novo, *United States v. Newland*, 116 F.3d 400, 402 (9th Cir.1997), and reverse and remand for resentencing.

## ANALYSIS

■ Partlow was convicted of a violation of 8 U.S.C. § 1324(a)(2)(B)(iii), for attempting to enter the United States on May 3, 1997, with an undocumented alien hidden in a specially constructed compartment in his van. The parties agree that the base offense level is 12 under the applicable Sentencing Guideline, U.S.S.G. § 2L1.1. The district court found as specific offense characteristics that Partlow recklessly created a substantial risk of death or serious bodily injury and that the offense was committed other than for profit. It then determined the adjusted offense level as follows:

| | | |
|---|---|---|
| A. | Base Offense Level (§ 2L1.1(a)(1)) | 12 |
| B. | Substantial Risk of Injury (§ 2L1.1(b)(5)) | 18 |
| C. | Not for Profit (§ 2L1.1(b)(1)) | 3 |
| D. | Acceptance of Responsibility (§ 3E1.1) | 3 |
| | Adjusted Offense Level | 12 |

U.S.S.G. § 1B1.1(b) requires the sentencing court to "[d]etermine the base offense level and apply any appropriate specific offense characteristics ... contained in the particular guideline in Chapter Two *in the order listed.*" (emphasis added). Guideline § 2L1.1(b) provides:

(b) Specific Offense Characteristics

(1) If (A) the offense was committed other than for profit, ... and (B) the base offense level is determined under subsection (a)(2), decrease by 3 levels.

.        .        .        .        .

(5) If the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2 levels, but if the resulting offense level is less than level 18, increase to level 18.

■ The government argues on appeal that, under U.S.S.G. § 1B1.1(b), the district should have calculated the adjusted offense level as follows:

| | | |
|---|---|---|
| A. | Base Offense Level (§ 2L1.1(a)(1)) | 12 |
| B. | Not for Profit (§ 2L1.1(b)(1)) | 3 |
| C. | Substantial Risk of Injury (§ 2L1.1(b)(5)) | 18 |
| D. | Acceptance of Responsibility (§ 3E.1.1) | 3 |
| | Adjusted Offense Level | 15 |

"This Court applies the rules of statutory construction when interpreting the Sentencing Guidelines.... If the language of a statute is unambiguous, the plain meaning controls." *United States v. Robinson*, 94 F.3d 1325, 1328 (9th Cir.1996) (citations omitted). Because Guideline Section 1B1.1(b) unambiguously directs that the specific offense characteristics are to be applied in the order listed, the district court erred when it deducted the 3 points for lack of profit motive listed in subsection 1 after applying the mandatory increase to level 18 called for in subsection 5.

Partlow argues that the district court's calculation was not an interpretation of the guidelines, but a discretionary decision to depart 3 levels from the applicable sentencing range. During the sentencing hearing defense counsel argued that the court had discretion to depart to an offense level of 12. The district court stated: "I'm inclined to believe you can go to 18 and take off the numbers, but be that as it may, that's what I'm going to do—is to take off the 3 from the 18 and the 3 from the—for the acceptance, which gives us a base level of 12." In the absence of any articulated rationale for discretionary departure, the district court's words are more consistent with guideline interpretation than with a departure.

Because Partlow asked the district court to depart and we conclude that his request for a departure was not ruled upon, on remand the district court should determine in the first instance whether grounds exist for a departure and, if so, whether, in the exercise of its discretion, Partlow's request should be granted.

## CONCLUSION

Partlow's sentence is REVERSED and REMANDED for resentencing.