**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Luis Carlos LOPEZ–MEDINA,
Defendant—Appellant.**

**No. 02–50201.**

**D.C. No. CR–01–02294–RMB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 2003.*

Decided March 4, 2003.

Before CHOY, SNEED, and SKOPIL, Circuit Judges.

**MEMORANDUM****

Luis Carlos Lopez–Medina appeals his forty one month sentence imposed following a guilty plea to unlawfully transporting an undocumented alien without presentment in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). He argues that the district court erred in applying an enhancement for creating a substantial risk of injury to the transported alien and in failing to reduce the offense level because

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

his crime was not for profit. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## DISCUSSION

"The district court's application of the Guidelines to the facts of a particular case is reviewed for an abuse of discretion." *United States v. Frega,* 179 F.3d 793, 811 n. 22 (9th Cir.1999). A district court's factual findings at sentencing are reviewed for clear error. *Id.*

Guideline § 2L1.1(b)(5) provides, in pertinent part, that if a conviction for smuggling or transporting unlawful aliens into this country involved "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person," the resulting offense level should increase to a level eighteen. The Guidelines direct that this enhancement should apply to a "wide variety of conduct," which may include transportation "in the trunk or engine compartment of a motor vehicle." U.S.S.G. § 2L1.1, comment. (n.6).

Lopez–Medina relies upon *United States v. Dixon,* 201 F.3d 1223 (9th Cir.2000), for the proposition the enhancement is inapplicable because Carrera–Payan had sufficient oxygen and could extricate himself from the dashboard compartment if necessary. In *Dixon,* this court held that a district court committed error when enhanced a sentence based upon its determination that aliens had been smuggled in the trunk of a car. The court noted that the aliens were actually in the hatchback of a car and that they were readily capable of extricating themselves. *Id.* at 1233. Because the district court's application of the reckless endangerment enhancement was premised solely upon erroneous factual findings, this court reversed. *Id.* at 1234.

Lopez–Medina's reliance upon *Dixon* is misplaced; the court did not hold that adequate oxygen and the ability of an alien to extricate himself from his hiding place were dispositive. Such a conclusion would be contrary to the expansive interpretation mandated by the Guideline. U.S.S.G. § 2L1.1, comment. (n.6). Other factors that this court has considered include whether the aliens were seated in the vehicle and whether they were wearing seat belts. *See, e.g., United States v. Angwin,* 271 F.3d 786, 809 (9th Cir.2001), *cert. denied,* 535 U.S. 966, 122 S.Ct. 1385, 152 L.Ed.2d 375 (2002); *see also United States v. Cuyler,* 298 F.3d 387, 390–91 (5th Cir. 2002) (upholding § 2L1.1(b)(5) enhancement where aliens smuggled in the back of a pick-up truck).

Here the district court relied upon several factors in determining that the reckless endangerment enhancement applied: (1) the small size of the compartment, (2) the proximity of the compartment to the engine, and (3) the dangers posed by the placement had the vehicle been involved in an accident. Other factors supporting the court's determination include the fact that Carrera–Payon was neither properly seated nor belted in to the vehicle.

The district court's factual findings and conclusions are fully supported by the record and the district judge did not abuse his discretion in his application of the Guidelines to those facts. Based upon this conclusion, Lopez–Medina's second claim on appeal is moot. Even if he had raised a timely objection to the Presentence Report's failure to include a three-level not for profit downward adjustment pursuant to U.S.S.G. § 2L1.1(b)(1), the offense level of eighteen mandated by U.S.S.G. § 2L1.1(b)(5) would have negated that offset. *See United States v. Partlow,* 159 F.3d 1218, 1219 (9th Cir.1998).

**AFFIRMED.**